UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC GOOCH, | ) |
|       Plaintiff, | ) |
|       v. | ) No. 2:19-cv-00607-JPH-MJD |
| S. YOUNG, | ) |
| J. WILSON, | ) |
|       Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Eric Gooch, a federal inmate at the United States Penitentiary in Terre Haute, Indiana, filed this civil action against two correctional officers.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint alleges that Correctional Lieutenant S. Young and Correctional Officer J. Wilson intentionally directed inmate Steven Gantt to attack Mr. Gooch with a weapon on December 8, 2019, in Housing Unit F2. The defendants falsely told inmate Gantt that Mr. Gooch had been in his room stealing. Mr. Gooch was attacked and injured by inmate Gantt.

The complaint is understood to allege a *Bivens* claim against the individual defendants. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) "allows suits against federal employees for violation of constitutional rights." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42. U.S.C. § 1983 authorizes such suits against state officers…"). The complaint alleges an Eighth Amendment claim of deliberate indifference and failure to protect against the defendants. Mr. Gooch seeks money damages and injunctive relief.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the claims against the defendants in their official capacities are dismissed. A *Bivens* claim may only be brought against a federal employee in his individual capacity. *See Yeadon v. Lappin*, 423 F. App'x. 627, 629 (unpublished) (7th Cir. 2011) (no *Bivens*

action against federal employees in their official capacities). This is because an action for damages against an individual in his official capacity is an action against the government and barred by sovereign immunity. *Sterling v. United States*, 85 F.3d 1225, 1228-1229 (7th Cir. 1996).

The claims which shall proceed are the Eighth Amendments claim against Lt. S. Young and Officer J. Wilson in their individual capacities. This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 25, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed**, pursuant to Fed. R. Civ. P. 4(c)(2), to issue process to defendants S. Young and J. Wilson. Process shall consist of a summons. Because plaintiff Eric Gooch is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed on December 16, 2019, and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**SO ORDERED.**

Date: 2/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC GOOCH
58940-060
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204