UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC GOOCH, | ) |
|        Plaintiff, | ) |
|     v. | ) No. 2:19-cv-00607-JPH-MJD |
| S. YOUNG, | ) |
| J. WILSON, | ) |
|        Defendants. | ) |

**Entry Granting Defendants' Motion for Summary Judgment
on Affirmative Defense of Exhaustion**

Plaintiff Eric Gooch, a federal prisoner, alleges that Defendants, Lieutenant S. Young and Officer J. Wilson, directed inmate Steven Gantt to attack Mr. Gooch with a weapon on December 8, 2019. Defendants have moved for summary judgment arguing that Mr. Gooch failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

For the reasons explained below, Defendants' motion for summary judgment, dkt. [22], is **granted.**

### I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *Nat'l Soffit & Escutcheons, Inc., v. Superior Sys., Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).

1

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Undisputed Facts

From October 17, 2016, through February 4, 2020, Mr. Gooch was confined at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). Dkt. 22-1, Turner Decl. at ¶ 4.

The Federal Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement 1330.18, *Administrative Remedy Procedures for Inmates*.[1] This administrative remedy system was in effect at USP Terre Haute during the entire time Mr. Gooch was housed there.

The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member. 28 C.F.R. § 542.13. If the inmate is not satisfied with the informal remedy response, he is required

---

[1] Available at http://www.bop.gov/policy/progstat/1330_018.pdf (last visited December 21, 2020).

to first address his complaint with the Warden via a form BP-9. § 542.14. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a form BP-10. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a form BP-11. § 542.15. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issues properly raised therein. *Id.*

There are exceptions to the requirement that the initial filing be made at the institution. *See* 28 C.F.R. § 542.14(d). One exception is for issues that the inmate reasonably believes are sensitive such that if they became known at the institution it would place the inmate's safety or well-being in danger. § 542.14(d)(1). "If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." *Id.*; *see also* 28 C.F.R. § 542.13 ("An informal resolution attempt is not required prior to submission to the Regional or Central Office as provided for in § 542.14(d) of this part.").

The administrative remedy system's Program Statement 1330.18 was available to inmates through the institution law library. Dkt. 22-1 at ¶ 5. Additionally, administrative remedy filing procedures are outlined and explained to the inmates each time they arrive at a federal prison as part of the Admission and Orientation process. *Id.* Inmates are likewise instructed where to find BOP Policy, FCC Terre Haute Institution Supplements, and how to access the inmate Electronic Law Library. Finally, inmates are informed that if they have an issue or question for staff, they can ask in person or submit an Inmate Request to Staff by hard copy or electronically to a staff resource mailbox.

3

All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, an electronic record keeping system utilized by the BOP. The SENTRY system reflects that Mr. Gooch has not submitted any administrative remedies during his BOP incarceration. Dkt. 22-1 at 11.

### III. Discussion

Defendants argue that because Mr. Gooch failed to exhaust his administrative remedies as required prior to filing this action, his claims must be dismissed. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024-25 (7th Cir. 2002); *see also Roberts v. Neal*, 745 F.3d 232, 234-35 (7th Cir. 2014). Mr. Gooch argues that Defendants are not entitled to summary judgment because the administrative remedy process was not available to him.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (*quoting Pozo*, 286 F.3d at 1025)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001);

*McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

It is the Defendants' burden to establish that the administrative process was available to Mr. Gooch. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted).

Mr. Gooch argues that his failure to exhaustion the administrative remedy process should be excused because the process was not available to him. He filed a declaration under penalty of perjury which states that on Monday December 9, 2019, (the day after he was attacked) he asked his counselor for the administrative remedy form to begin the administrative exhaustion process. Dkt. 25-1 at ¶ 2. The counselor asked what Mr. Gooch was filing about and, Mr. Gooch said he was filing a grievance on the staff misconduct relating to the December 8, 2019, attack. His counselor then said that he would not give Mr. Gooch a form and that he had "better watch out snitching on staff." [2] *Id.* at ¶ 3. On December 9th and 10th, multiple guards walked by Mr. Gooch's cell door and threatened him, saying that if he wrote up staff that he would die the next time. *Id.* at ¶ 4. Mr. Gooch testified that in light of the December 8th attack which was provoked by staff, and the threats he received on the 9th and 10th, he feared for his life if he continued the administrative remedy process. *Id.* at ¶ 5. He filed his complaint in this Court the next day.

---

[2] Mr. Gooch provided a related explanation for his failure to exhaust in his complaint, but those allegations were not cited in Mr. Gooch's response brief, nor were they verified under penalty of perjury. Accordingly, the allegations are not evidence and are not discussed further in this Order.

The Supreme Court has explained that remedies may be deemed unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1860 (2016). Thus, administrative remedies are primarily unavailable to inmates where "affirmative misconduct" prevents prisoners from pursuing administrative remedies. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). Such misconduct may include telling a prisoner that he cannot file a grievance when he in fact can do so, *Thomas v. Reese*, 787 F.3d 845, 847-48 (7th Cir. 2015); denying a prisoner grievance forms, threatening him, and soliciting other inmates to attack him for filing grievances, *Kaba v. Stepp*, 458 F.3d 680, 686 (7th Cir. 2006), and preventing prisoner access to grievance forms, *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

In reply, Defendants argue that Mr. Gooch's testimony does not create a genuine issue of material fact regarding whether the administrative remedy process was available to him. Defendants point out that only three days elapsed from the time Mr. Gooch was allegedly attacked on December 8th and the mailing of the complaint on December 11, 2019. Defendants argue that the administrative grievance process provided Mr. Gooch with alternative means of completing the process and that he had the time and opportunity to use those alternative means under the circumstances. Dkt. 26 at p. 2.

This Court agrees that Mr. Gooch had available administrative remedies that he did not pursue. Mr. Gooch's testimony that he was threatened is serious, but the BOP administrative remedy process specifically provides for such a situation, stating, "[i]f the inmate reasonably believes this issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." 28 C.F.R. § 542.14(d)(1). Mr. Gooch did not attempt to submit a

6

request directly to the Regional Director nor does he explain why he did not do so. The fact that Mr. Gooch was able to mail his Complaint to this Court reflects that he had access to the mail. As such, he could have accessed the administrative remedy process by mailing his request directly to the Regional Office, as the regulations and program statement provide. Under the PLRA, Mr. Gooch was required to follow all available steps offered by the BOP. Aside from the exception that the remedies must be available, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any "special circumstances." *Ross*, 136 S. Ct. at 1856; *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 833–34 (7th Cir. 2020) (prisoner must take all the steps the prison offers).

The undisputed evidence reflects that there was an administrative process available to Mr. Gooch but that he failed to exhaust his administrative remedies regarding his allegations against Defendants before he filed the present lawsuit. Under these circumstances, Defendants have met their burden to show that the administrative remedy process was available to Mr. Gooch during the relevant time frame and that he failed to utilize it.

## IV. Conclusion

Defendants have shown that Mr. Gooch did not exhaust his available administrative remedies prior to filing this lawsuit. Under 42 U.S.C. § 1997e(a), this lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford*, 362 F.3d at 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Defendants motion for summary judgment, dkt. [22], is **granted.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 3/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC GOOCH
58940-060
TUCSON – USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov