UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ERIC GOOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00607-JPH-MJD |
| | ) | |
| S. YOUNG, | ) | |
| J. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING INJUNCTIVE RELIEF CLAIM AS MOOT, AND DIRECTING FURTHER PROCEEDINGS**

In 2019, Plaintiff Eric Gooch, a federal inmate, filed this action for money damages and injunctive relief. His claim for money damages was brought pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Mr. Gooch alleges that while incarcerated at a federal prison in Indiana, defendants Correctional Lieutenant S. Young and Correctional Officer J. Wilson, instigated and failed to protect him from an attack by another inmate. However, while this case was pending, Mr. Gooch was transferred to the United States Penitentiary in Atwater, California, and the Supreme Court issued *Egbert v. Boule*, 142 S. Ct. 1793 (2022). The defendants now argue that *Egbert* forecloses the *Bivens* claim alleged in this case. For the reasons explained below, the defendants' motion for judgment on the pleadings, dkt [50] is **GRANTED**, the injunctive relief claim is dismissed as **MOOT**, and Mr. Gooch shall have **through December 14, 2023,** to show cause why final judgment consistent with this Order should not issue.

# I.
# Legal Standard

Defendants may move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings after the parties have filed a complaint and answer. A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When ruling on a Rule 12(c) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

# II.
# Factual Background

Because Defendants have moved for judgment on the pleadings under Rule 12(c), the Court accepts and recites the well-pleaded facts in the complaint as true. *Gill*, 850 F.3d at 339. The Complaint alleges that while Mr. Gooch was incarcerated at the United States Penitentiary in Terre Haute, Indiana (USP-Terre Haute), the defendants, both federal employees, directed another inmate to attack Mr. Gooch with a weapon. Dkt. 1 at 3. The officers allegedly told the

inmate that Mr. Gooch had stolen items from his cell and directed him to attack Mr. Gooch, which he then did. *Id.* at 3-4. Mr. Gooch alleges that Defendants violated his Eighth Amendment rights by failing to protect him from this attack. *Id.* at 4-5. The February 2020, Screening Order acknowledged a claim for injunctive relief and stated that Mr. Gooch could proceed with his claims against Defendants in their individual capacities under the Eighth Amendment, pursuant to the theory recognized in *Bivens*. Dkt. 9 at 2-3.

### III.
### Discussion

Mr. Gooch claims that Lt. Young and Officer Wilson violated his Eighth Amendment rights by instigating a fight and then failing to protect Mr. Gooch. Defendants seek dismissal of the *Bivens* claim alleged against him pursuant to Federal Rule of Civil Procedure Rule 12(c). Dkts. 50 and 51. Mr. Gooch has not responded. In light of the Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482 (2022), the defendants' motion for judgment on the pleadings is granted.

**A. Applicable Law**

There is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Over fifty years ago, the Supreme Court held in *Bivens* that it had authority to create "a cause of action under the Fourth Amendment" against federal narcotics officers who allegedly handcuffed the plaintiff and threatened his family while arresting him. 403 U.S. at 397. That implied authority was subsequently extended twice: first to a former

congressional staffer alleging sex discrimination in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979), and second to the estate of a federal prisoner alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment where prison staff failed to provide him medical attention for an asthma attack for many hours, resulting in his death, *Carlson v. Green*, 446 U.S. 14, 16, n. 1, 24 (1980). But these "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. 1843 at 1855.

In the past four decades, the Court has declined to create any new contexts for *Bivens* claims. *Egbert*, 596 U.S. at 486 (listing cases). "[E]xpanding *Bivens* is not just 'a disfavored judicial activity,'" *id.* at 491 (quoting *Ziglar*, 137 S. Ct. at 1857), "it is an action that is impermissible in virtually all circumstances." *Silva v. United States*, 45 F.4th 1134, 1130 (10th Cir. 2022).

To determine whether a *Bivens* remedy is available to a plaintiff suing a federal actor, the Court makes a two-step inquiry. First, it asks whether the claim presents a new *Bivens* context by determining whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Ziglar*, 137 S. Ct. at 1864. Second, if the claim presents a new *Bivens* context, the Court then asks whether there are any special factors that counsel hesitation about granting the extension. *Egbert*, 596 U.S. at 492. In applying the second factor, a district court "faces only one question: whether there is any rational reason (even one) to think that Congress is better suited to weigh the costs and

4

benefits of allowing a damages action to proceed." *Id.* at 496 (cleaned up). Additionally, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id.* at 493 (quoting *Ziglar*, 137 S. Ct. at 1858). And this is true even if the individual plaintiff alleges he does not have access to the alternative remedy. *Id.* at 498 ("[W]hether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.").

### B. Application of *Ziglar* and *Egbert* to Mr. Gooch's Claim Against Defendants

The Court must first determine whether Mr. Gooch's claim against Lt. Young and Officer Wilson arises in a new context. Although he brings an Eighth Amendment claim like the plaintiff in *Carlson*, the context is different because it involves the actions (or inaction) of Defendants to cause injury to Mr. Gooch, not the actions of staff in the midst of a medical emergency. *See Egbert*, 596 U.S. at 494–95 (finding Fourth Amendment excessive force claim arose in a new context because federal agent was a border patrol agent rather than a narcotics officer); *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."). Since it's a low bar to find a new *Bivens* context, the Court concludes that Mr. Gooch's Eighth Amendment claim related to instigating a fight and then failing to protect him presents a new context. *Egbert*, 596 U.S. at 494–95.

5

The Court proceeds to the special factors analysis. That analysis is brief, as it will usually be in light of *Egbert*. Once the Court finds any reason to defer to Congress—or any alternative remedy, even if the plaintiff alleges it is inadequate—the analysis is complete.

Alternative remedies are available to Mr. Gooch. The BOP's administrative remedy process, 28 C.F.R. § 542.10 et seq., provides inmates with the ability to seek formal review of any complaint related to the conditions of their confinement. *See* dkt. 51 at 15-16. Additionally, Mr. Gooch was able to bring claims for injunctive relief against Defendants in federal court while he was still housed at the USP-Terre Haute. *Ziglar*, 137 S. Ct. at 1862 (observing that the ability to pursue injunctive relief for abuses in the prison setting is a special factor). Thus, Mr. Gooch's *Bivens* claim against Defendants is foreclosed by the availability of these alternative remedies.

The defendants' motion for judgment as a matter of law therefore must be granted. *Egbert*, 596 U.S. at 497−97. Indeed, this Court has previously refused to extend *Bivens* to failure to protect claims pursuant to *Egbert*. *See Crosby v. Lubbehusen*, No. 2:21-cv-00370-JPH-MKK, 2023 WL 3918963 (S.D. Ind. June 8, 2023) (declining to extend *Bivens* to an Eighth Amendment failure to protect claim). In addition, this ruling is consistent with the overwhelming weight of persuasive authority. *See, e.g., Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023) (no *Bivens* remedy available for Eighth Amendment claim for failure to protect inmate from being beaten and killed by other inmates); *Hower v. Damron*, 2022 WL 16578864, at *3 (6th Cir. 2022) (no *Bivens* remedy available for Eighth

Amendment claim for failing to protect inmate from harassment and threats by housing unit officer); *Taylor et al. v. Kobayashi*, 2023 WL 2400879 (9th Cir. Mar. 8, 2023) (no *Bivens* relief available for Eighth Amendment claims for failing to train or supervise an officer accused of sexually assaulting inmates and for failing to adequately address complaints of the officer's conduct).

## IV.
## Injunctive Relief Claim

In addition to a *Bivens* claim for money damages, Mr. Gooch's complaint sought injunctive relief. The federal courts may grant injunctive relief against federal officials who are violating federal law. *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015). This right to relief is independent of *Bivens*. *See Abbasi*, 137 S. Ct. at 1862 (noting federal detainees may seek injunctive relief to challenge the conditions of their confinement).

Mr. Gooch has been transferred out of the USP-Terre Haute. Accordingly, Defendants no longer have custody or control over him. In the absence of a threat of ongoing harm from Defendants, the claim for injunctive relief is **moot.** *Lehn v. Holms*, 364 F.3d 862, 871 (7th Cir. 2004) ("when a prisoner seeks injunctive relief for a condition specific to that particular prison is transferred out of that prison, the need for relief . . . become[s] moot").

## V.
## Conclusion

Defendants' motion for judgment on the pleadings, dkt. [50], is **GRANTED** and the *Bivens* claims for money damages are **DISMISSED** for failure to state a claim upon which relief may be granted. Mr. Gooch's claim for injunctive relief

7

is **DISMISSED as MOOT**. Mr. Gooch shall have **through December 15, 2023,** in which to show cause why Judgment consistent with this Order should not issue.

**SO ORDERED.**

Date: 11/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC GOOCH
58940-060
ATWATER - USP
ATWATER U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 019001
ATWATER, CA 95301

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov